UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYRIL CURTIS,

                              Plaintiff,

                    -against-

ROCKLAND COUNTY DRUG TASK FORCE, et al.,

                              Defendants.

**ORDER OF SERVICE**

21-CV-4294 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Marcy Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his July 3, 2018 arrest in Rockland County. By Order dated June 10, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against "a governmental entity or an officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

I.   **"Rockland County Drug Task Force" and "Rockland County Office of the Sheriff Department"**

To the extent Plaintiff intends to assert claims against "Rockland County Drug Task force" and "Rockland County Office of the Sherriff Department," the Court dismisses those claims because neither a task force nor a sheriff's department qualify as a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983) (Sotomayor, J.).

In light of Plaintiff's *pro se* status and clear intention to assert claims against Rockland County, the Court construes the complaint as asserting claims against Rockland County, and directs the Clerk of Court to add Rockland County as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Rockland County may wish to assert.

II.   **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of summonses and the complaint to be completed within 90 days of the date summonses issue, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012); *see also Murray v. Pataki*, 278 F.

2

App'x 50, 51-52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Rockland County, Louis Falco III, Phillip Fantasia, and John Casey through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these Defendants.

### III.      *Valentin* **Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies information sufficient to permit the Rockland County Sheriff's Department to identify John Does 1-4, that is, the officers who participated in the search of Plaintiff on July 3, 2018. It is therefore ordered that the Rockland County Law Department, which is the attorney for and agent of the Rockland County Sheriff's Department, must ascertain the identity of each John Doe Defendant whom Plaintiff seeks to sue here and the address where the Defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

The Court will deem the complaint amended once the John Doe Defendants have been identified. If identified, the Court will issue a subsequent Order of Service directing the Clerk of the Court to complete the USM-285 form with the address for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

3

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against "Rockland County Drug Task Force" and "Rockland County Office of the Sheriff Department." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add Rockland County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is instructed further to issue summonses as to John Casey, Louis Falco III, Phillip Fantasia, and Rockland County, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this Order and the complaint to Rockland County Law Department, Office of the County Attorney at: 11 New Hempstead Road, New City, New York 10956.

SO ORDERED.

Dated:   June 14, 2021
         White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

### DEFENDANTS AND SERVICE ADDRESSES

1.    Rockland County
       11 New Hempstead Road
       New City, New York 10956

2.    Sheriff Louis Falco III
       Rockland County Sheriff
       55 New Hempstead Road
       New City, New York 10956

3.    Officer Phillip Fantasia, Shield #830
       Rockland County Sheriff
       55 New Hempstead Road
       New City, New York 10956

4.    Officer John Casey
       Rockland County Sheriff
       55 New Hempstead Road
       New City, New York 10956