UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYRIL CURTIS,

                              Plaintiff,

-against-

ROCKLAND COUNTY DRUG TASK FORCE, et al.,

                              Defendants.

**ORDER OF SERVICE**

21-CV-04294 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in Marcy Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his July 3, 2018 arrest in Rockland County. In his Amended Complaint, Plaintiff sues Rockland County, Officer Phillip Fantasia, Officer John Casey, and four John Doe Officers. (Doc. 9). The Rockland County Attorney's Office, in a letter filed on August 12, 2021, advised the Court that the four John Doe Officers' identities are as follows:

      (1) John Doe #1 is Officer Raymond Lund of the Haverstraw Town Police Department;

      (2) John Doe #2 is Officer John Casey, who is already a Defendant herein;

      (3) John Doe #3 is Officer Michael Vigilleti of the Haverstraw Town Police Department; and

      (4) John Doe #4 is Investigator Joe Alvarez of the Haverstraw Town Police Department.

(Doc. 13). By Order the following day, August 13, 2021, the Court deemed the Amended Complaint amended further to replace the parties as set forth above, dismissed John Doe #2 as duplicative of Casey, and dismissed Sheriff Falco who—although named in the initial Complaint—was no longer named in the Amended Complaint. (Doc. 15).

Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Amended Complaint until the Court reviewed the pleading and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Raymond Lund, Officer Michael Vigilleti, and Investigator Joe Alvarez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Officer Raymond Lund, Officer Michael Vigilleti, and Investigator Joe Alvarez and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED:

Dated: White Plains, New York
August 16, 2021

PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Officer Raymond Lund
   Haverstraw Town Police Department
   101 West Ramapo Road
   Garnerville, New York 10923

2. Officer Michael Vigilleti
   Haverstraw Town Police Department
   101 West Ramapo Road
   Garnerville, New York 10923

3. Investigator Joe Alvarez
   Haverstraw Town Police Department
   101 West Ramapo Road
   Garnerville, New York 10923